KAEMPFER CROWELL
Robert McCoy, No. 9121
Sihomara L. Graves, No. 13239
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: rmccoy@kcnvlaw.com
Email: sgraves@kcnvlaw.com

STEPTOE LLP
Michael J. Allan *(pro hac vice)*
1330 Connecticut Ave., NW
Washington, DC 20036
Telephone: (202) 429-3000
Email: mallan@steptoe.com

ZACHARIA LAW PLLC
John H. Zacharia *(pro hac vice)*
1701 Pennsylvania Ave., NW, Suite 200
Washington, DC 20006
Telephone: (202) 845-5091
Email: john@zacharialaw.com

Attorneys for Plaintiff Louis Vuitton Malletier S.A.S.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LOUIS VUITTON MALLETIER S.A.S., <br><br>Plaintiff, <br><br>vs. <br><br>BOULEVARD VENTURES LLC; 2495 RIVIERA LLC; and DENNIS TROESH, <br><br>Defendants. | Case No. 2:24-cv-02015-RFB-BNW <br><br>**STIPULATED DISCOVERY PLAN AND PROPOSED SCHEDULING ORDER** <br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to Fed. R. Civ. P. 26(f), LR 26-1(a), plaintiff Louis Vuitton Malletier S.A.S. ("Louis Vuitton") and defendants Boulevard Ventures LLC, 2495

Riviera LLC and Dennis Troesch (together "Defendants") (all collectively the "Parties") submit the following Stipulated Discovery Plan and Proposed Scheduling Order:

## I. MEETING

The Parties' counsel met telephonically for a Fed. R. Civ. P. 26(f) conference on January 15, 2025.

## II. INITIAL DISCLOSURES

The Parties will make Fed. R. Civ. P. 26(a)(1) initial disclosures on or before January 31, 2025.

## III. PROTECTIVE ORDER

The Parties intend to seek a protective order under Fed. R. Civ. P 26(c) to facilitate document production and disclosure, while protecting the Parties' respective interests in their confidential information. The Parties will submit a proposed protective order in a separate filing.

## IV. DISCOVERY PLAN

The Parties jointly propose the following discovery plan:

### A. Discovery Cut-Off Date.

The Parties propose that the discovery period run until August 1, 2025. This exceeds the 180-day presumptive outside limit provided by LR 26-1(b)(1) for completing discovery for the reasons explained in Section V below.

### B. Fed. R. Civ. P. 26(a) Disclosures (Experts).

The parties propose that Fed. R. Civ. P. 26(a)(2) disclosures of experts and expert reports proceed as follows:

1. All parties shall disclose initial experts and expert reports by June 2, 2025, which is 60 days before the discovery cut-off);

2. All parties shall disclose rebuttal experts and their reports by July 2, 2025, which is 30 days before the discovery cut-off;

**C.  Amending the Pleadings and Adding Parties.**

The parties shall file any motions to amend the pleadings or to add parties no later than May 1, 2025. This date is 90 days before the discovery cut-off.

**D.  Dispositive Motions.**

The parties shall have until September 2, 2025 to file dispositive motions. This date is 32 days after the discovery cut-off (the 30th day falls on the Sunday of Labor Day weekend).

**E.  Pretrial Disclosures/Order.**

The joint pretrial order shall be filed no later than October 2, 2025 unless a dispositive motion is filed in which case the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

**V.  JUSTIFICATION FOR LONGER DICOVERY PERIOD**

The parties believe the Court should permit a longer period for discovery than what is provided in LR 26-1(b)(1) for several reasons. This is a case based on claims of secondary trademark liability. The parties expect there may be discovery directed to several third parties with respect to both the underlying allegations of direct infringement, and claims and/or defenses concerning the contributory liability claims. In addition, plaintiff expects that early discovery is likely to lead to the identification of other parties that may need to be joined in the

case. The parties respectfully submit that the addition of roughly 90 additional days to the discovery schedule is reasonable in view of the expected fact and expert discovery in this case.

The parties submit that their proposed discovery plan is an efficient and realistic schedule for completing the significant amount of discovery contemplated in this case.

## VI. AGREEMENT FOR SERVICE OF DISCOVERY BY EMAIL

The parties agree that, as permitted by Fed. R. Civ. P. 5(b)(2)(E), any party may serve discovery disclosures, requests, responses, or notices on counsel for the other parties in this case by email and that such email service will constitute complete service under Fed. R. Civ. P. 5(b) so long as it is served by email on all listed counsel of record.

This agreement will apply to any and all discovery made or requested under Fed. R. Civ. P. 26, 27, 30, 31, 33, 34, 35, 36, and 45.

## VII. OTHER ISSUES

### A. Alternative Dispute Resolution.

The parties have conferred about the possibility of using alternative dispute resolution processes. The parties agree this issue is best addressed after some discovery has taken place.

### B. Alternative Forms of Case Disposition.

The parties considered trial by magistrate judge and the use of the short trial program. The parties do not consent to either at this time.

### C. Electronic Evidence.

The parties have considered the possibility of presenting evidence to the jury in electronic format. In the event that any electronic evidence is submitted by either party, the parties understand that such evidence must be submitted in a format that is compatible with the Court's electronic jury evidence display system. The parties will consult the Court's website or contact the courtroom administrator for instructions about how to prepare evidence in a format that meets these requirements.

### D. Court Conference.

The parties do not request a conference with the Court before entry of the scheduling order.

| KAEMPFER CROWELL | GARMAN TURNER GORDON LLP |
|---|---|
| *[signature]* | /s/ Steven E. Kish III |
| Robert McCoy, No. 9121 | Erika Pike Turner, No. 6454 |
| Sihomara L. Graves, No. 13239 | Steven E. Kish III, No. 15257 |
| 1980 Festival Plaza Drive, Suite 650 | 7251 Amigo Street, Ste. 210 |
| Las Vegas, Nevada 89135 | Las Vegas, Nevada 89119 |
| | |
| STEPTOE LLP | Attorneys for Defendants Dennis |
| Michael J. Allan *(pro hac vice)* | Troesh, 2495 Riviera LLC, and |
| 1330 Connecticut Ave., NW | Boulevard Ventures LLC |
| Washington, DC 20036 | |
| | |
| ZACHARIA LAW PLLC | |
| John H. Zacharia *(pro hac vice)* | |
| 1701 Pennsylvania Ave., NW, Ste. 200 | |
| Washington, DC 20006 | |
| | |
| Attorneys for Plaintiff Louis Vuitton Malletier S.A.S. | |

*Louis Vuitton v. Boulevard Ventures, et al.*
*2:24-cv-02015-RFB-BNW*

*Stipulated Discovery Plan and*
*Proposed Scheduling Order*

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 1/16/2025