KAEMPFER CROWELL
Robert McCoy, No. 9121
Sihomara L. Graves, No. 13239
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: rmccoy@kcnvlaw.com
Email: sgraves@kcnvlaw.com

STEPTOE LLP
Michael J. Allan *(pro hac vice)*
1330 Connecticut Ave., NW
Washington, DC 20036
Telephone: (202) 429-3000
Email: mallan@steptoe.com

ZACHARIA LAW PLLC
John H. Zacharia *(pro hac vice)*
1701 Pennsylvania Ave., NW, Suite 200
Washington, DC 20006
Telephone: (202) 845-5091
Email: john@zacharialaw.com

Attorneys for Plaintiff Louis Vuitton
Malletier S.A.S.

GARMAN TURNER GORDON LLP
Erika Pike Turner, No. 6454
Steven E. Kish III, No. 15257
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone: (725) 777-3000
Facsimile: (725) 777-3112
Email: eturner@gtg.legal
Email: skish@gtg.legal

Attorneys for Defendants
Dennis Troesh, 2495 Riviera LLC, and
Boulevard Ventures LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LOUIS VUITTON MALLETIER S.A.S., <br><br> Plaintiff, <br><br> vs. <br><br> BOULEVARD VENTURES LLC; 2495 RIVIERA LLC; and DENNIS TROESH, <br><br> Defendants. | Case No. 2:24-cv-02015-RFB-BNW <br><br> **STIPULATED PROTECTIVE ORDER** |

1  WHEREAS, Plaintiff Louis Vuitton Malletier S.A.S. ("Louis Vuitton" or "Plaintiff") and Defendants Boulevard Ventures, LLC, 2495 Riviera, LLC, and Dennis Troesh ("Defendants") (collectively the "Parties" or, when referred to individually, "Party"), believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information; and

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Fed. R. Civ. P. 26(c);

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. A party and/or counsel for any party, including any Party to this action and any third party, producing information or material in connection with this litigation voluntarily or pursuant to a subpoena or a court order ("Producing Party") may in good faith designate for protection under this Order, in whole or in part, any document, information, or material as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEY'S EYES ONLY") (collectively "Protected Material").

    a. Confidential Information: A Producing Party may designate material as "CONFIDENTIAL" where such material relates to non-public, sensitive, proprietary, or confidential information that qualifies for protection under Fed. R. Civ. P. 26(c), including but not limited to: confidential technical, sales, marketing, financial, or other commercially sensitive information.

      b. Confidential–Attorney's Eyes Only Information: A Producing Party may alternatively designate material as "CONFIDENTIAL–ATTORNEY'S EYES ONLY" where such material contains:

        i. Particularly sensitive commercial or competitive information that the Producing Party believes in good faith cannot be disclosed to any person or entity other than those listed in Paragraph 6 of this Order without creating a substantial risk of harm to the Producing Party, including but not limited to trade secrets, proprietary marketing, financial, sales, research and development, or technical data and information, information relating to future products, strategic plans, settlement agreements or communications, and other proprietary or commercially sensitive information;

        ii. Customer or subscriber confidential information including personally identifiable information (*e.g.*, name, physical address, telephone numbers, social security number, driver's license number, and email addresses); or

        iii. Personal information protected by applicable laws or regulations, including but not limited to the Gramm-Leach-Bliley Act, the Right to Financial Privacy Act, the Health Insurance Portability and Accountability Act, and any other applicable laws or regulations and only insofar as the

protection is mandatory under such statutory or regulatory provision.

2. The Producing Party shall designate Protected Material as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS EYES ONLY" by affixing a legend or stamp on such document, information, or material. The legend or stamp shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the designations shall be made pursuant to Paragraph 11 of this Order, and the legend stamp shall be placed on the cover page of the transcript and any related exhibits as appropriate (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of the transcript as Protected Material.

3. A designation of Protected Material may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as Protected Material shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as Protected Material may request the destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Material and any documents, information, or material derived from or based thereon.

4. "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in Paragraph 10 herein:

    a. Outside counsel in this Action for the Parties;

    b. Employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

    c. In-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

    d. Up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action who have been identified to the Producing Party and completed the Undertaking attached as Appendix A hereto, except that either Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent;

    e. Outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the

purpose of this litigation, provided that before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto;

 f. Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action provided that those recipients are under a duty of confidentiality before access is given and at all times thereafter; and

 g. The Court and its personnel.

5. Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as such, shall be used by the Parties only in this litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to Protected Material or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such Protected Material or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified as Protected Material and subject to all of the terms and conditions of this Order.

6. Protected Material designated "CONFIDENTIAL–ATTORNEY'S EYES ONLY" may be disclosed only to the following persons,

except upon receipt of the prior written consent of the designating party, or upon order of the Court:

    a. Outside counsel in this Action for the Parties;

    b. Employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

    c. Outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto;

    d. Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action provided that those recipients are under a duty of confidentiality before access is given and at all times thereafter; and

    e. The Court and its personnel.

7. Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or

immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Producing Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the Producing Party.

8.  There shall be no disclosure of any Protected Material by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

9.  Nothing contained herein shall be construed to prejudice any Party's rights to use any Protected Material in taking testimony at any deposition or hearing provided that the Protected Material is only disclosed to a person(s) who is:

   a. Eligible to have access to the Protected Material by virtue of his or her employment with the Producing Party;
   b. Identified in the Protected Material as an author, addressee, or copy recipient of such information;

     c. Although not identified as an author, addressee, or copy recipient of such Protected Material, has, in the ordinary course of business, seen such Protected Material;

     d. A current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the Producing Party; or

     e. Other persons entitled hereunder to access to Protected Material.

10. Protected Material shall not be disclosed to any other person unless prior authorization is obtained from counsel representing the Producing Party or from the Court.

11. Parties may, at the deposition or hearing or within 30 days after receipt of a deposition or hearing or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEY'S EYES ONLY" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until the expiration of the thirty (30) day period, the entire deposition or hearing transcript shall be treated as confidential.

12. Any Protected Material is contained in documents that a party seeks to file with the Court, that party shall file a motion to file under seal the relevant excerpts constituting Confidential Material or Highly Confidential Material within such documents. The parties must follow the procedural requirements of Fed. R. Civ. P. 5.2, LR IA 10-5, and the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Additionally, such party seeking to file

under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document. The Parties will use their best efforts to minimize such sealing. For any document filed under seal, a redacted version of the document shall be filed on the public docket on the same day.

13. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any Protected Material into evidence at trial of this Action, or from using information contained in Protected Material at the trial of this Action, subject to any pretrial order issued by this Court or other order sealing or redacting its use at trial.

14. A Party may request in writing to the other Party that the designation given to any Protected Material be modified or withdrawn. If the designating Party does not agree to re-designation within 10 days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Fed. R. Civ. P. 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Court's Local Rules of Practice shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

15. Each outside consultant or expert to whom Protected Material is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and

conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgement form is attached as Appendix A.

16. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order, or propose modifications to this Order if needed.

17. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEY'S EYES ONLY" any documents, information, or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have 10 after production of such documents, information, or other materials to make such a designation. Deposition testimony may be designated pursuant to Paragraph 11 above. Until the applicable time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, testimony, or other material so produced or given shall be treated as "CONFIDENTIAL–ATTORNEY'S EYES ONLY," in accordance with this Order.

18. The provisions of this Order shall continue to be binding after final termination of this case until a Producing Party agrees otherwise in writing or a court order otherwise directs. Within sixty 60 days of the final termination of this Action, including any appeals, all Protected Material, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda

of the Parties and materials which have been admitted into evidence in this Action), shall at the Producing Party's election either be returned to the Producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the Producing Party, upon the Producing Party's request. Notwithstanding the foregoing, outside counsel of record shall be entitled to maintain copies of all pleadings, expert reports, motions, and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts and hearing transcripts, and exhibits offered or introduced into evidence at any hearing or trial, emails and their attachments, and their attorney work product which refers or is related to any Protected Material for archival purposes only. Any such archived copies that contain or constitute Protected Material remain subject to this Order and shall be maintained in confidence by outside counsel for the Party retaining the materials. This provision does not apply to the Court, including court personnel and the Court's reporter. Any destruction obligations under this Protective Order shall not apply to electronically-stored information in archival form stored on backup tapes or computer servers that are created only for disaster recovery purposes, provided that such electronic archives are not used as reference materials for a receiving Party's business operations.

19. The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the proprietary thereof. The entry of this Order and/or the production of documents, information, and material hereunder shall in no way

constitute a waiver of any objection to the furnishing thereof, and all such objections being hereby preserved.

20. Any party knowing or believing that any other party or third party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the other party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

21. Production of Protected Material by each of the Parties shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

22. Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

23. Each of the Parties, and any Third Parties, shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of Protected Material to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of Protected Material.

| | |
|---|---|
| KAEMPFER CROWELL<br><br>*[signature]*<br><br>Robert McCoy, No. 9121<br>Sihomara L. Graves, No. 13239<br>1980 Festival Plaza Drive, Suite 650<br>Las Vegas, Nevada 89135<br><br>STEPTOE LLP<br>Michael J. Allan *(pro hac vice)*<br>1330 Connecticut Ave., NW<br>Washington, DC 20036<br><br>ZACHARIA LAW PLLC<br>John H. Zacharia *(pro hac vice)*<br>1701 Pennsylvania Ave., NW, Suite 200<br>Washington, DC 20006<br><br>Attorneys for Plaintiff Louis Vuitton Malletier S.A.S. | GARMAN TURNER GORDON LLP<br><br>*/s/ Steven E. Kish III*<br>Erika Pike Turner, No. 6454<br>Steven E. Kish III, No. 15257<br>7251 Amigo Street, Suite 210<br>Las Vegas, Nevada 89119<br><br>Attorneys for Defendants<br>Dennis Troesh, 2495 Riviera LLC, and<br>Boulevard Ventures LLC |

**ORDER**

IT IS SO ORDERED.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

DATED: 6/23/2025

# APPENDIX A

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LOUIS VUITTON MALLETIER S.A.S.,<br><br>Plaintiff,<br><br>vs.<br><br>BOULEVARD VENTURES LLC; 2495 RIVIERA LLC; and DENNIS TROESH,<br><br>Defendants. | Case No. 2:24-cv-02015-RFB-BNW<br><br>**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER** |

I, _____ declare that:

1. My address is _____.

    My current employer is _____.

    My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEY'S EYES ONLY" that is disclosed to me.

4. Promptly upon termination of these actions, I will return and/or destroy all documents and things designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEY'S EYES ONLY" that came into my possession,

1  and all documents and things that I have prepared relating thereto, to the outside
2  counsel for the party by whom I am employed.
3       5.   I hereby submit to the jurisdiction of this Court for the purpose
4  of enforcement of the Protective Order in this action.
5       I declare under penalty of perjury that the foregoing is true and correct.

By: _____
       Signature

_____
       Printed Name

Dated: _____